IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 95-60120 |
| | ) | Civ. No. 01-6155 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TIMOTHY WAYNE ARNETT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This court previously denied a section 2255 motion filed by defendant on the merits on August 20, 1998. The Ninth Circuit affirmed on appeal. On May 14, 2001, defendant filed a document entitled "First Motion to vacate, set aside and correct conviction pursuant to 28 U.S.C. § 2255." Defendant contends that his waiver of his right to counsel was not made intelligently and his sentence was unconstitutionally imposed beyond the

jury's findings in violation of <u>Apprendi v. New Jersey</u>,
120 S.Ct. 2348 (2000).

Petitioner, as noted above, has already sought
relief under 28 U.S.C. § 2255.[1] Before a second or
successive petition may be filed under section 2255, it
must be certified by a Ninth Circuit panel as involving
either newly discovered evidence or a retroactively
applicable new rule or constitutional procedure. <u>See</u> 28
U.S.C. § 2255; 28 U.S.C. § 2244(b)(2). Petitioner has
not obtained such certification from the Ninth Circuit.
Therefore, this court lacks jurisdiction over the
petition and the petition must be dismissed. Moreover,
<u>Apprendi</u> has not been made retroactively applicable by
the Supreme Court. Accordingly, the government's motion
to deny defendant's second section 2255 petition is
granted.[2]

CONCLUSION

For the reasons stated above, the government's
motion to deny defendant's second section 2255 motion

---

[1]Contrary to defendant's argument, the court did have authority
to consider the first section 2255 petition as it did not entertain
the motion until after the judgment became final. The court also
denied defendant's motion to recharacterize his first 2255 motion
as a motion to dismiss.

[2]Even if the this court had jurisdiction to consider
defendant's second petition, the court agrees with the government
that the petition lacks merit and/or is procedurally barred for the
reasons stated in the government's response to the petition (#238).

2 - ORDER

(#239) is granted and defendant's motion (#237) to vacate, set aside, or correct sentence is denied.

DATED this _30<u>th</u>_ day of September, 2005.

_Michael R. Hogan_
------------------------------
United States District Judge